IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KATHY C. BOWEN-MORRILL, | ) | |
| | ) | CASE NO. BK11-43079-TLS |
| Debtor(s). | ) | A12-4025-TLS |
| WILLIAM J. RICE and INTEGRITY | ) | |
| COATINGS, INC., d/b/a VIVILON | ) | |
| COATINGS, | ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHY C. BOWEN-MORRILL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. No. 24). No resistance was filed. James C. Bocott represents the plaintiffs, and the defendant debtor is unrepresented by counsel. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

In November 2011, verdicts were entered against the debtor in a Florida court in favor of the plaintiffs for conversion and civil theft. The judgments, under a Florida law that allows treble damages as a civil remedy for theft, totaled more than $862,000, plus interest and attorneys' fees. The jury also considered and rejected claims by the debtor against the plaintiff William Rice for conversion, assault, battery, intentional infliction of emotional distress, and intentional restraint. The debtor filed an appeal in March 2012. The debtor filed a Chapter 7 bankruptcy case on November 30, 2011, and the plaintiffs thereafter filed this adversary proceeding to except the judgment debts from discharge under 11 U.S.C. § 523(a)(4).

The Bankruptcy Code excepts from discharge under § 727 any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.[]" § 523(a)(4). Fraud by a fiduciary and embezzlement are not at issue here. Larceny is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without consent of the owner. *Rech v. Burgess (In re Burgess)*, 106 B.R. 612, 622 (Bankr. D. Neb. 1989). "The essential difference between larceny and embezzlement is the manner in which property comes into the possession of the person charged. Embezzlement involves a lawful or authorized possession. In

the case of larceny, however, the original taking and possession is unlawful." *Id.*

The plaintiffs seek to have the debt excepted from discharge on the basis of the state court judgment. A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the substantive law of the forum state in whose courts the prior judgment was entered. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005). In Florida, the doctrine of collateral estoppel bars relitigation of an issue when the following five factors are met: (1) an identical issue must have been presented in the prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issue must have been actually litigated. *Goodman v. Aldrich & Ramsey Enter., Inc.*, 804 So. 2d 544, 546-47 (Fla. 2d Dist. Ct. App. 2002).

The underlying case was tried to a jury in Florida. The verdict forms attached to the complaint indicate the jury determined that the debtor converted property of each plaintiff and acted with criminal intent to deprive each plaintiff of their property. The state court pleadings are not part of the record, but it appears from the parties' preliminary pretrial statements in this case that the litigation involved the debtor's transfer of funds from bank accounts owned by the plaintiffs.

> Under Florida law, the tort of conversion
>
> is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Warshall v. Price*, 629 So.2d 903, 904 (Fla. 4th Dist. Ct. App. 1993). Thus, conversion occurs when a person with a right of possession of property demands its return and the demand is not met. *Pearson v. Ford Motor Co.*, 694 So.2d 61, 69 (Fla. 1st Dist. Ct. App. 1997).

*Nyesa Costa Rica v. Wilson Capital Group Holdings, LLC*, No. 11-22036-CIV, 2012 WL 1492344, at *4 (S.D. Fla. Apr. 27, 2012).

A person commits civil theft "if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to . . . [d]eprive the other person of a right to the property or a benefit from the property" or "[a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property." Fla Stat. Ann. § 812.014(1)(a)-(b) (West 2010). Civil remedies for theft are codified at section 772.11 of the Florida statutes.

"Establishing all of the elements of Section 812.014(1), including 'felonious intent,' for a finding of civil theft is a fundamental predicate to an award of damages pursuant to Section 772.11." *Las Vegas Casino Lines, LLC v. Abbott (In re Las Vegas Casino Lines, LLC)*, 454 B.R. 223, 228 (Bankr. M.D. Fla. 2011).

Here, the parties to the litigation are the same as in the state court action, and the parties had a full and fair opportunity to litigate the issues in the state court action and did actually litigate those issues. The remaining elements of collateral estoppel require a finding that the issues were identical and were a critical and necessary part of the previous action. The notion of intentionally taking the property of another without permission is the central element of conversion, civil theft, and larceny, so the issues in each case are the same and were critical and necessary to the jury's findings in the Florida action. The jury expressly found that the debtor exerted control over property not belonging to her, and she did so with criminal intent to deprive the plaintiffs of their property. This clearly meets the definition of larceny in § 523(a)(4) and is sufficient to render the judgment debts non-dischargeable. *See Petty v. Petty (In re Petty)*, 333 B.R. 472 (Bankr. M.D. Fla. 2005) (holding that a state court judgment finding the debtor's non-payment of amounts awarded to his former wife as part of their marital dissolution to be civil theft and awarding damages was excepted from discharge under § 523(a)(4)) and *Parker v. Padgett (In re Padgett)*, 235 B.R. 660 (Bankr. M.D. Fla. 1999) (holding that a state court judgment imposing damages for civil theft collaterally estopped debtor from disputing non-dischargeability under § 523(a)(4)).

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. No. 24) is granted. Separate judgment will be entered.

DATED:   September 28, 2012

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Kathy C. Bowen-Morrill
    *James C. Bocott
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.